# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THERESE A. EDWARDS, | DOCKET NUMBER |
| Appellant, | CH-0752-13-2933-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: June 29, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Therese A. Edwards, Indianapolis, Indiana, pro se.

Benjamin B. Hamlow, Indianapolis, Indiana, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her furlough appeal with prejudice for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed a timely initial appeal of her furlough following the budget cuts imposed pursuant to the President's March 1, 2013 sequester order. Initial Appeal File (IAF), Tab 1. In her initial appeal, the appellant noted that she would represent herself in the course of her appeal. *Id*. at 5. The appellant's initial appeal was consolidated with several other employees' appeals, and the administrative judge issued a furlough procedures order outlining the processes she would follow in adjudicating the consolidated appeal. *See* MSPB Docket No. CH-0752-14-0704-I-1, Consolidated Appeal File, Tab 2. The appellant, however, did not participate in either of the telephonic status conferences scheduled by the administrative judge, and the administrative judge thereafter issued the appellant notice of her intent to dismiss the appeal with prejudice for failure to prosecute if she also did not participate in the hearing. IAF, Tab 8. The appellant did not appear for the hearing, and the administrative judge issued an initial decision dismissing her individual appeal with prejudice based upon both her lack of diligence in responding to the prehearing orders and her failure to participate in the status conferences and the hearing. IAF, Tab 10, Initial Decision (ID).

¶3 The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. She asserts that she should have requested the

assistance of her union in prosecuting her appeal and she states that she inadvertently signed the designation of representative form reflecting that she would appear pro se in this matter. *Id*. at 3. However, she does not dispute that she received notice of the administrative judge's orders. *See generally id*. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

¶4        The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015). Such a sanction should only be imposed when a party: (1) has failed to exercise due diligence in complying with Board orders; or (2) has exhibited negligence or bad faith in its efforts to comply. *Id*.; *see Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 8 (2011). The Board reviews an administrative judge's dismissal for failure to prosecute under an abuse of discretion standard. *Leseman*, 122 M.S.P.R. 139, ¶ 6.

¶5        We have reviewed the record below and find that the administrative judge did not abuse her discretion in dismissing the appeal with prejudice for failure to prosecute. The record reflects that the administrative judge's orders were sent to the appellant's address of record included on the appellant's initial appeal form, and she has not argued that she did not receive the orders. *See* PFR File, Tab 1 at 3; IAF, Tabs 5, 8, 10. The administrative judge, moreover, clearly explained to the appellant the consequences of failing to participate in the hearing, and she provided the appellant an additional 5 days to submit evidence and argument why her appeal should not be dismissed with prejudice in the event that she did not participate in the hearing. IAF, Tab 8. The appellant did not participate in the hearing or submit any evidence or argument within the additional 5-day timeframe set by the administrative judge. Based upon the appellant's failures to respond to the administrative judge's orders and participate in the status conferences and the hearing, we fully concur with the administrative judge that the sanction of dismissal with prejudice is appropriate. *See*

*Leseman*, [122 M.S.P.R. 139](#), ¶ 7 (dismissing the furlough appeal for failure to prosecute based upon the appellant's failure to respond to orders or participate in the hearing). The appellant's proffered explanation on review that she mistakenly elected to proceed pro se, moreover, does not explain why she did not respond to any of the administrative judge's clear orders or make inquiry into the status of her appeal prior to the issuance of the initial decision, and it does not provide a basis for overturning the administrative judge's dismissal of the appeal with prejudice. *See Williams*, [116 M.S.P.R. 377](#), ¶ 9.

¶6        We agree with the administrative judge that dismissal with prejudice for failure to prosecute is appropriate under the facts of this case. *Leseman*, [122 M.S.P.R. 139](#), ¶ 7. The administrative judge's initial decision dismissing the appeal with prejudice for failure to prosecute is AFFIRMED.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                                   William D. Spencer
                                                   Clerk of the Board

Washington, D.C.